IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BOBBIE J. HINES                                                                                                 PLAINTIFF

VS.                                        CIVIL NO. 05-1051

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## MEMORANDUM OPINION

Bobbie Hines ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB"), under Title II of the Act.

**Background:**

The application for DIB now before this court was filed on October 8, 2002, alleging an onset date of August 1, 2002, due to bilateral carpal tunnel syndrome, chronic back pain, hypertension, chest pain, a bunion on the left heel, pelvic pain, and situational depression. (Tr. 186). An administrative hearing was held on September 15, 2004. (Tr. 24-28). Plaintiff was present and represented by counsel.

On November 23, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). At this time, plaintiff was fifty-one years old and possessed a twelfth grade education. (Tr. 13). The record reflects that she had past relevant work experience ("PRW"), as a sewing machine operator, assembler, cook, and cashier. (Tr. 13).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the

residual functional capacity ("RFC"), to perform a reduced range of light, unskilled work, limited only by her inability to lift more than twenty pounds. (Tr. 20). With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform her PRW as a cashier. (Tr. 20).

On April 25, 2005, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs. (Doc. # 8, 9). In her appeal brief, plaintiff moves to supplement the record with additional medical evidence and to have her case remanded to the Commissioner for consideration of this evidence.[1]

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents

---

[1] Although plaintiff did not file a formal motion to submit additional evidence, we do find that her brief sufficiently states a claim for remand pursuant to sentence six. However, in the future, counsel is hereby directed to file a motion to submit additional evidence.

the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Reviewing courts have the authority to order the Commissioner to consider additional

evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides was not available to plaintiff on November 23, 2004, when the ALJ issued his decision, thus it is new evidence. Based on the facts, we also find sufficient cause to excuse plaintiff's failure to submit the records at the administrative level.

Next, we consider the issue of materiality. To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir.1990). Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application). There is no evidence to suggest, nor does plaintiff contend, that her condition changed between November 2004, the date of the ALJ's decision, and May 2005, the date of the last additional medical record.

Further, the additional evidence appears to indicate that plaintiff's back impairment was more severe than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-

4

1397 (8th Cir. 1992). The evidence of record reveals that plaintiff underwent a lumbar hemilaminectory at the L5-S1 level on the left side in April 2000. (Tr. 14, 103, 130). Although the surgery was initially successful, in January and October 2002, plaintiff reported continued problems with her back. (Tr. 179). By March 2003, she was noted to have back pain with tenderness on palpation, twisting, flexion, and extension. (Tr. 166-167). Then, in July 2004, Dr. David Foscue, plaintiff's treating physician, indicated that plaintiff had limited lumbar flexion with moderate to severe lower back pain. (Tr. 186-187).

The additional medical evidence plaintiff now seeks to admit reveals as follows. Records from December 2004, February 2005, and March 2005 indicate that plaintiff continued to complain of lower back pain. (Doc. # 8, Ex. # 4). Examinations by Dr. Foscue revealed spinal tenderness to palpation, tenderness when twisting, and tenderness on flexion and extension. In addition, an MRI dated February 22, 2005, showed a significant herniated disk to the left side at the L4-5 level, as well as postsurgical changes at the L5-S1 level. (Doc. # 8, Ex. # 4).

On March 29, 2005, a lumbar myelogram revealed an extradural defect on the left side. (Doc. # 8, Ex. # 6). The radiologist noted that this could be secondary to a herniated disk. A CT scan of her lumbar spine was then performed, which was consistent with a herniated disk on the left side at the L4-5 level. (Doc. # 8, Ex. # 6).

On April 11, 2005, Dr. P. B. Simpson, Jr., a neurosurgeon, evaluated plaintiff and recommended a lumbar laminectomy and decompression. (Doc. # 8, Ex. # 7). After reviewing her MRI and CT scan results, Dr. Simpson concluded that plaintiff was suffering from a herniated nucleus pulposus at the L4-5 level. Further, he noted that this herniation was moderate in size and

AO72A
(Rev. 8/82)

accompanied by neurologic compression. (Doc. # 8, Ex. # 7).

On May 6, 2005, plaintiff returned for a postsurgical follow-up with Dr. Simpson. (Doc. # 8, Ex. # 8). Plaintiff reported continued pain and soreness in her back. An examination revealed fairly good anterior tibial and extensor hallicus longus on the left side, while the right side was noted to be normal. Dr. Simpson opined that plaintiff was not able to work at that time. He also stated that the likelihood of her getting back to work after undergoing two back surgeries and being overweight was "pretty slim." (Doc. # 8, Ex. # 8).

Based on this additional evidence, we find that remand is appropriate, as this evidence appears to indicate that plaintiff's impairments impose limitations that were more severe, during the time period in question, than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992). At the very least, this new and material evidence, when considered by the undersigned, causes the court to believe there is a reasonable likelihood it would have changed the Commissioner's decision. *Woolf,* 3 F.3d at 1215. Therefore, on remand, the ALJ is directed to properly consider this evidence.

**Conclusion:**

Based on the foregoing, we hereby grant plaintiff's motion to submit additional evidence and remand this case to the Commissioner for consideration of the additional medical evidence pursuant to sentence six of 42 U.S.C. § 405(g).

ENTERED this 24th day of July 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)