IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBIE J. HINES                                                                                              PLAINTIFF

vs.                                         Civil No. 1:05-cv-1051

MICHAEL J. ASTRUE
Commissioner, Social Security Administration                                                 DEFENDANT

**MEMORANDUM ORDER**

Pending now before this Court is the Plaintiff's Motion for Award of Attorney's Fees under the Equal Access to Justice Act (EAJA). (Doc. No. 15).[1] The Defendant has responded to this Motion. (Doc. No. 18). This matter is ready for decision.

**Background:**

On June 13, 2005, Bobbie J. Hines (Plaintiff) appealed the Secretary of the Social Security Administration's (SSA) denial of his request for Disability Insurance Benefits (DIB). (Doc. No. 1). On July 25, 2006, the Honorable Judge Bobby E. Shepherd entered an Order remanding the Plaintiff's case to the SSA pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 11). After this remand, the ALJ issued a favorable decision finding Plaintiff entitled to benefits. (Doc. No. 12-2). On July 6, 2007 the Court entered a Judgment in favor of the Plaintiff. (Doc. No. 14). Following entry of the Judgment, Plaintiff filed the present motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1998). (Doc. No. 15). This motion was filed on September 19, 2007. The Plaintiff's attorney, Keena Wamble seeks approval of attorney's fees for professional services in the amount of $4,693.95. Defendants have objected to 4.9 hours of Plaintiff's time

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

entries as clerical and not compensable under the EAJA. Defendant argues Plaintiff is entitled to an attorney fee award of $4,081.45. (Doc. No. 18).

**Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the Plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed that statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.*

**Discussion:**

In the present action, the Plaintiff's case was remanded to the SSA pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. No. 11). After this remand, the ALJ issued a favorable decision finding Plaintiff entitled to benefits. (Doc. No. 12-2). On July 6, 2007, a Judgment in favor of the Plaintiff was entered. (Doc. No. 14). The Defendant does not contest the Plaintiff's claim that he is the prevailing party and does not object to the hourly rate requested. Defendant does object to 4.9 hours of Plaintiff's time entries as clerical and not compensable under the EAJA. (Doc. No. 18). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

The Plaintiff's attorney requests an award under the EAJA at the rate of $125.00 per hour for the 36.9 hours which she asserts were devoted to the representation of the Plaintiff in this Court. (Doc. No. 15). I note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in

Arkansas. *See Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir. 1990). Thus, based upon the above factors, I find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, I have reviewed counsel's itemization of time appended to her motion. (Doc. 17). Defendants have objected to 4.9 hours of Plaintiff's time entries as clerical and not compensable under the EAJA. *See Granville House, Inc. v. Department of HEW*, 813 F2d 881, 884 (8th Cir. 1987).

This Court finds the time entries objected to by Defendant are not clerical in nature but rather reflect professional services rendered by Plaintiff's counsel. Thus, the Court finds that Plaintiff's counsel is entitled to compensation under the EAJA in the amount of $4,693.95, which is a total of 36.9 hours at a rate of $125.00 per hour, and expenses of $81.45.

**Conclusion:**

Based upon the forgoing, the Court awards the Plaintiff's attorney $4,693.95 in attorney's fees and expenses pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $125.00 per hour for 36.9 hours of work, and expenses of $81.45.

**ENTERED** this **26th Day of September, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge